UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANUEL ADAMS, JR.                    CIVIL ACTION

VERSUS                               NO: 20-2794

ROBERT WALKER ET AL.                 SECTION: "H"


ORDER AND REASONS

      Before the Court are Defendant City of Harahan's Motion to Dismiss, or Alternatively for a More Definite Statement and to Strike (Doc. 4); and Defendant Robert Walker's Motion to Dismiss, or Alternatively for a More Definite Statement and to Strike (Doc. 5). For the following reasons, the Motions are DENIED.


BACKGROUND

      Plaintiff Manuel Adams, a former Captain with the Harahan Police Department, brings claims against the City of Harahan, Chief of Police Robert Walker, and Assistant Chief of Police Keith Moody, alleging that Walker and Moody targeted him with unfounded and fabricated investigations in an effort to end his law enforcement career. In separate motions, Defendants City of

1

Harahan and Walker each allege that Plaintiff's Complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8's requirement that a complaint contain a "short and plain statement of the claim" through allegations that are "simple, concise, and direct." In the alternative to dismissal, Defendants request that the Court require Plaintiff to make a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendants also ask that the exhibits attached to Plaintiff's Complaint be stricken pursuant to Rule 12(f). This Court will consider each request in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief,

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

### A. Motion to Dismiss

Under the Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" through allegations that are "simple, concise, and direct." The purpose of Rule 8 is "to [e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity."[8] "Courts have found violations of these rules when pleadings were needlessly long, highly repetitious, confused, or consisted of incomprehensible rambling."[9] When the complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action for "failure to state a claim upon which relief can be granted."

Defendants argue that:

Plaintiff's 225-paragraph Complaint, which is 142 pages long with its incorporated exhibits and 55 pages long without exhibits, consists of largely incomprehensible rambling, asides, rhetorical questions, footnotes, statements directly addressing the Court, petty insults that do not constitute allegations of fact, blatant repetition, and grammatical and typographical errors, not to

---

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[8] Gordon v. Green, 602 F.2d 743, 746 (5th Cir. 1979) (quotation marks and citation omitted).

[9] Metzinger v. United States Dep't of Veterans Affs., No. CV 19-10614, 2020 WL 5594129, at *5 (E.D. La. Sept. 18, 2020) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.)) (internal quotations omitted).

mention innumerable allegations contained in the incorporated
exhibits that have nothing to do with Plaintiffs' claims.[10]

In support of their argument, Defendants cite to *McZeal v. J.P. Morgan*, in
which the court dismissed the plaintiff's complaint for failure to comply with
Rule 8.[11] There, the court described the *pro se* plaintiff's complaint as follows:

> [A] discerning review of McZeal's Complaint is nearly impossible
> due to its sheer abstruseness. The Complaint is written in an
> impenetrably dense, jargon-laden, and largely incomprehensible
> prose. In fifty-seven pages, the Court strains to find any facts
> underlying the dispute upon which Plaintiff bases no less than
> twenty-one numbered claims. Throughout his Complaint, Plaintiff
> casually issues insolent remarks about the Defendants and uses
> haphazard combinations of legal terms to make conclusory
> statements about Defendants['] behavior.[12]

While this Court agrees with Defendants that Plaintiff's Complaint is
lengthy, repetitious, and needlessly contemptuous, this Court had no trouble
discerning Plaintiff's claims and the facts he alleges support those claims. To
call Plaintiff's Complaint "incomprehensible rambling" is disingenuous at best.
While Plaintiff's Complaint is "not a model of what Rule 8 requires,"[13] it does
not come close to the deficiencies identified in *McZeal*.

Further, this Court does not agree with Defendants that Plaintiff's
Complaint is a "shotgun pleading." The Fifth Circuit has held that the
"'shotgun approach' to pleadings, . . . where the pleader heedlessly throws a
little bit of everything into his complaint in the hopes that something will stick,

---

[10] Doc. 4.

[11] McZeal v. J.P. Morgan Chase Bank, NA, No. 13-6754, 2014 WL 3166715, at *6 (E.D.
La. July 7, 2014).

[12] *Id.*

[13] *Metzinger*, 2020 WL 5594129, at *5.

is to be discouraged."[14] Despite its length, Plaintiff's Complaint is not a "shotgun pleading;" Plaintiff very clearly brings seven distinct claims against three defendants. He supports those claims with a detailed, albeit cumbersome, recitation of facts. There are no grounds to dismiss Plaintiff's Complaint for violation of Rule 8.

### B. Motion for More Definite Statement

In the alternative, Defendants move for a more definite statement. A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response."[15] The moving party "must point out the defects complained above and the details desired."[16] "When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8."[17] Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[19] In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.[20]

---

[14] S. Leasing Partners, Ltd. v. McMullan, 801 F.2d 783, 788 (5th Cir. 1986).

[15] FED. R. CIV. P. 12(e).

[16] *Id.*

[17] Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006).

[18] FED. R. CIV. P. 8(a)(2).

[19] Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

[20] JNP Enterprises, LLC v. Patterson Structural Moving and Shoring, LLC, No. 13-4684, 2014 WL 31650, at *1–2 (E.D. La. Jan. 3, 2014) (citing Mitchell v. E–Z Way Towers,

Motions for a more definite statement are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[21] This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."[22]

As explained above, Plaintiff's Complaint is not vague or ambiguous. Plaintiff's allegations are sufficient to put Defendants on notice of the claims against them. This motion is denied.

### C. Motion to Strike

Finally, Defendants move to strike the exhibits attached to the Complaint. Pursuant to Rule 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Such motions are viewed with disfavor because they often are sought by the movant simply as a dilatory tactic."[23] "To succeed on a motion to strike, the movant must show that the allegations being challenged are so unrelated as to be unworthy of any consideration and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party."[24] The Court must therefore deny Defendants' "motion to strike the exhibits attached to plaintiffs' complaint unless [they] can demonstrate that the exhibits 'bear no

---

Inc., 269 F.2d 126, 132 (5th Cir. 1959); Who Dat Yat Chat, LLC v. Who Dat, Inc., No. 10–1333, 10–2296, 2012 WL 2087439, at *6 (E.D. La. June 8, 2012)).

[21] Phillips v. ABB Combustion Eng'g, Inc., No. 13–594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013).

[22] Murungi v. Texas Guaranteed, 646 F.Supp. 2d 804, 811 (E.D. La. 2009).

[23] Glob. Adr, Inc. v. City of Hammond, No. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003).

[24] Morehouse v. Ameriquest Mortg. Co., No. 9:05-CV-75, 2005 WL 8160875, at *1 (E.D. Tex. July 14, 2005).

possible relation to the matter at issue and may result in prejudice to [them].'"[25]

Here, Plaintiff has attached 11 exhibits to his Complaint, including new articles, financial records, emails, Defendant Moody's resume and military records, social media posts, and a notice of investigation. Defendants—relying on Federal Rule of Civil Procedure 10(c) which states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"—argue only that the exhibits attached to Plaintiff's Complaint should be stricken because they are evidence of Plaintiff's allegations, rather than independent allegations themselves. Indeed, Defendants have not made any effort to show that the exhibits are wholly unrelated to Plaintiff's allegations or that their continued existence in the record will prejudice them. This motion is therefore also denied.

## CONCLUSION

For the foregoing reasons, the Motions are DENIED.

New Orleans, Louisiana this 11th day of May, 2021.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[25] Advanced Com. Contracting, Inc. v. Certain Underwriters at Lloyds of London, No. CIV. A. 98-1296, 1998 WL 373407, at *1 (E.D. La. July 2, 1998) (quoting Miller v. Group Voyagers, Inc., 912 F.Supp. 164, 168 (E.D.Pa. 1996)).