UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANUEL ADAMS, JR.                           CIVIL ACTION

VERSUS                                      NO: 20-2794

ROBERT WALKER ET AL.                        SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant Keith Moody's Motion to Dismiss, or Alternatively for a More Definite Statement, and to Strike (Doc. 17). For the following reasons the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff Manuel Adams, a former Captain with the Harahan Police Department, brings claims against the City of Harahan, Chief of Police Robert Walker, and Assistant Chief of Police Keith Moody, alleging that Walker and Moody targeted him with unfounded and fabricated investigations in an effort to end his law enforcement career. Specifically, Plaintiff alleges that Defendant Moody concocted a disciplinary investigation into Plaintiff based on falsehoods and misrepresentations and that Chief Walker intentionally sent the findings of this investigation to the Jefferson Parish District Attorney to have Plaintiff

placed on the *Giglio* list, knowing that such placement was permanent and that it would destroy Plaintiff's career in law enforcement.

Now before the Court is Defendant Keith Moody's Motion to Dismiss pursuant to Rule 12(b)(6), or Alternatively for a More Definite Statement pursuant to Rule 12(e), and to Strike pursuant to Rule 12(f). Defendants City of Harahan and Robert Walker previously filed similar Motions to Dismiss, or for a More Definite Statement, and to Strike (Docs. 4 & 5). Defendant Keith Moody asserts and adopts all allegations, statements, and legal arguments brought in the Memoranda filed by the City of Harahan (Doc. 4-1) and Robert Walker (Doc. 5-1).

In addition, Defendant Moody makes three new arguments. First, Moody asserts Plaintiff's § 1983 stigma-plus claim against him should be dismissed based on his plea of qualified immunity and for failure to allege facts sufficient to state a claim for relief that is plausible on its face. Second, Moody argues that Plaintiff cannot show that he is entitled to recover punitive damages against Moody. Third, Moody asserts the inflammatory language used in the Complaint must be stricken pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff opposes Defendant Moody's Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*

all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

As a preliminary matter, the Court notes that after Defendant Moody filed the present Motion, this Court issued Order and Reasons (Doc. 23) denying the Motions to Dismiss, or for a More Definite Statement, and to Strike filed by Defendants City of Harahan and Robert Walker. Thus, for the reasons articulated in this Court's prior Order and Reasons, Moody's Motion is also denied as to the arguments copied *in extenso* therein. The present Order and Reasons addresses the three additional arguments Moody asserts.

### I.    Section 1983 Stigma Plus Defamation Claim

First, Defendant Moody seeks dismissal of Plaintiff's § 1983 stigma-plus claim against him. The Fifth Circuit requires persons bringing § 1983 stigma-plus claims to show "the infliction of a stigma on the person's reputation by a state official" plus "an infringement of some other interest."[8] This Court notes that, upon review of the Plaintiff's Complaint, it is unclear precisely which communications form the basis Plaintiff's "stigma plus" claim against Moody.

---

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[8] Blackburn v. City of Marshall, 42 F.3d 925, 935–36 (5th Cir. 1995).

Plaintiff's Opposition to the present Motion focuses on two communications: (1) the *Giglio* letter sent to the Jefferson Parish District Attorney's office and (2) the communications made by Moody to Plaintiff's military superiors. This Court will address each communication in turn.

### 1. The *Giglio* Letter

Plaintiff's Complaint contains numerous allegations involving the "*Giglio* letter" sent to the office of the Jefferson Parish District Attorney (the "JPDA"), which informed the JPDA of the results of Plaintiff's disciplinary hearing and ultimately led to the JPDA placing Plaintiff on its "Witness Notification/*Giglio* list." The Witness Notification/*Giglio* list is maintained by the JPDA in compliance with *Brady v. Maryland* and *Giglio v. United States* where the Supreme Court held that due process requires the prosecution turn over evidence favorable to the accused and material to his guilt or punishment, which includes evidence that may be used to impeach the prosecution's witnesses, including police officers.[9] Plaintiff alleges placement on the *Giglio* list is a "death knell" to a career in law enforcement, as a police officer's credibility is the hallmark of the profession.

Construing the Complaint in the light most favorable to Plaintiff, he seems to be alleging that the false nature of the *Giglio* letter has permanently stigmatized him because he was placed on the *Giglio* list, and as a result his due process rights were violated because he was deprived of his liberty interest in his career in law enforcement without adequate process. Thus, this Court finds that Plaintiff has alleged a stigma-plus claim against Defendant Moody based on the *Giglio* letter. Defendant Moody does not present any arguments

---

[9] *See* Brady v. Maryland, 373 U.S. 83 (1963); *See also* Giglio v. United States, 405 U.S. 150 (1972).

for dismissal of Plaintiff's stigma-plus claim arising out of the *Giglio* letter. Accordingly, the claim remains.

### 2. The Communications to Plaintiff's Military Superiors

Defendant Moody does move to dismiss Plaintiff's § 1983 stigma-plus claim against him to the extent it is based on Moody's communications with Plaintiff's military superiors. Plaintiff's Complaint includes allegations that Defendant Moody contacted Plaintiff's military commander via phone calls, text messages, and emails and also that he contacted the military base through its phone number. Plaintiff contends that these communications were made under the guise of notifying Plaintiff that his disciplinary hearings would be delayed but that the true intent was to harm Plaintiff's military career. Defendant Moody argues the claim is barred by qualified immunity and, even if it is not, that Plaintiff has failed to allege facts sufficient to support the claim.

### a. Dismissal Based on Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[10] "When a defendant asserts qualified immunity, the plaintiff has the burden of proving it is inapplicable."[11] Courts use a two-prong test to determine the applicability of qualified immunity to a claim.[12] First, the court must decide whether the facts Plaintiff alleged are a violation of a statutory or constitutional right.[13] Second, the court must decide whether the

---

[10] Griggs v. Brewer, 841 F.3d 308, 312 (5th Cir. 2016) (internal quotation omitted).
[11] Waganfeald v. Gusman, 674 F.3d 475, 483 (5th Cir. 2012).
[12] Morgan v. Swanson, 659 F.3d 359, 371 (5th Cir. 2011) (citing Ashcroft v. al-Kidd, 563 U.S. 731 (2011)).
[13] *Id.*

conduct was objectively reasonable in light of clearly established law at the time of the incident.[14]

This Court finds that Plaintiff has failed to cite, and this Court is unaware of, any statutory or constitutional right not to be contacted or have your commanding officer contacted regarding confirming or reminding of a pending disciplinary hearing by an outside employer. Further, this Court finds that even after being put on notice of Defendant's qualified immunity defense, Plaintiff still failed to allege any statutory or constitutional right that Defendant violated by contacting Plaintiff's military superiors. Indeed, Plaintiff's Opposition to the present Motion simply rephrased the allegations from his Complaint—that Defendant Moody contacting Plaintiff's superiors was not to remind Plaintiff of his pending disciplinary hearing, but that it was to cause damage to Plaintiff's military career. Even accepting that allegation as true, this Court finds that Defendant Moody is entitled to qualified immunity because Plaintiff failed not only to allege the violation of a constitutional or statutory right that was clearly established at the time of Moody's actions but also to allege the violation of any constitutional or statutory right at all.[15] Therefore, to the extent Plaintiff's stigma-plus claim is based on Defendant Moody's contact with Plaintiff's military superiors, the claim is barred by qualified immunity and thus dismissed.

---

[14] *Id.*

[15] Out of an abundance of caution and because it is unclear from the Plaintiff's Complaint and Opposition to the present Motion, this Court notes that, in the event the alleged constitutional violation is the alteration of Plaintiff's liberty interest in his future advancement in the military (Doc. 1 at 38), the ruling remains the same. "Allegations of damage to one's reputation or the impairment of future employment prospects fail to state a claim of denial of a constitutional right." State of Tex. v. Thompson, 70 F.3d 390, 392 (5th Cir. 1995) (citing Siegert v. Gilley, 500 U.S. 226, 233–34 (1995)). Accordingly, Plaintiff's "stigma plus" claim against Moody based on Moody's contact with Plaintiff's military superiors would be dismissed.

### b. Dismissal Based on the Facts Alleged

Defendant Moody also seeks dismissal of this stigma-plus claim on the grounds that Plaintiff fails to state a claim that is plausible on its face based on the facts alleged. Although this Court dismissed this claim on the basis of qualified immunity, the Court notes the claim could have been dismissed for the following reasons as well.

The Fifth Circuit requires persons bringing § 1983 stigma-plus claims to show "the infliction of a stigma on the person's reputation by a state official" plus "an infringement of some other interest."[16] "To satisfy the stigma prong of the test, the plaintiff must prove that the stigma was caused by a false communication."[17] Further, the Fifth Circuit "[has] found sufficient stigma only where a state actor has made concrete, false assertions of wrongdoing on the part of the plaintiff."[18] Here, Plaintiff does not allege that Moody notifying Plaintiff's military superiors of the upcoming disciplinary hearings was a false assertion. Instead, Plaintiff contends the disciplinary hearings themselves are the result of falsehoods and misrepresentations made by Moody. This Court finds that notification of an upcoming disciplinary hearing does not qualify as a "concrete assertion of wrongdoing." Consequently, this Court finds that Plaintiff fails to allege facts that support the finding of a sufficient stigma that would satisfy the stigma prong of a § 1983 stigma-plus claim. Therefore, assuming *arguendo* qualified immunity does not apply, to the extent Plaintiff's stigma-plus claim is based on Defendant Moody's contact with Plaintiff's military superiors, the claim would still be dismissed.

---

[16] Blackburn v. City of Marshall, 42 F.3d 925, 935−36 (5th Cir. 1995).
[17] *Id.* at 936 (citing Phillips v. Vandygriff, 711 F.2d 1217, 1221 (5th Cir. 1983)).
[18] *Id.* (citing San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 701 (5th Cir. 1991)).

## II.    Punitive Damages Claim

Next, Defendant Moody seeks dismissal of Plaintiff's claim for punitive damages against him. Under Louisiana law, punitive damages are available only where expressly authorized by statute.[19] Plaintiff fails to provide any statutory provision that allows the recovery of punitive damages for the state law claims asserted against Moody. Therefore, this Court finds that Plaintiff's punitive damage claim against Moody for the Louisiana state law claims is not plausible on its face, and thus, the claim is dismissed.

As to the § 1983 claims, Defendant Moody argues that there can be no claim for punitive damages for any claims brought under § 1983 against him in his *official* capacity. Though that is true, the stigma-plus claim discussed herein and asserted in Count 4 of Plaintiff's Complaint is against Defendant Moody in his *individual* capacity.[20] Therefore, Defendant's motion is denied as moot in regard to the dismissal of Plaintiff's claim for punitive damages for any claims brought under § 1983 against Defendant in his official capacity.

## III.    Motion to Strike

Finally, Defendant Moody moves to strike portions of Plaintiff's Complaint. Pursuant to Rule 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Such motions are viewed with disfavor because they often are sought by the movant simply as a dilatory tactic."[21] "To succeed on a motion to strike, the movant must show that the allegations being challenged are so unrelated as to be unworthy of any consideration and that their presence in the pleading

---

[19] Albert v. Farm Bureau Ins. Co., 940 So.2d 620, 622 (La. 2006) (citation omitted).

[20] Plaintiff asserts a § 1983 stigma-plus claim against the City of Harahan in Count 5 of the Complaint, which includes the stigma-plus claims against Defendants Moody and Walker in their official capacities.

[21] Glob. Adr, Inc. v. City of Hammond, No. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003).

throughout the proceeding will be prejudicial to the moving party."[22] Further, "even when technically appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice.[23] Whether to grant a motion to strike is committed to the trial court's sound discretion.[24]

This Court finds that Defendant has failed to satisfy his burden. First, Defendant Moody does not seek the dismissal of certain allegations but all "inflammatory, embarrassing, and insulting language used in the Complaint, specifically in reference to [him]." Though this Court agrees that some of the phrases and descriptors Plaintiff uses in his allegations and factual assertions are offensive and could be prejudicial, Defendant has not shown that those phrases nor the allegations or factual assertions to which they correspond are "so unrelated as to be unworthy of any consideration."[25] Further, Plaintiff argues that the descriptions of Moody are necessary to state his claim against Chief Walker for negligently hiring Moody. Accordingly, because motions to strike are generally disfavored and Defendant Moody failed to bear his burden as the moving party, this Motion to Strike is denied.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[22] Morehouse v. Ameriquest Mortg. Co., No. 9:05-CV-75, 2005 WL 8160875, at *1 (E.D. Tex. July 14, 2005).

[23] Abene v. Jaybar, LLC, 802 F. Supp. 2d 716, 723 (E.D.La.2011) (internal quotation marks omitted); *accord* Diesel Specialists, LLC v. MOHAWK TRAVELER M/V, Nos. 09–2843, 11–1162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011).

[24] Who Dat, Inc. v. Rouse's Enters., LLC, No. 12–2189, 2013 WL 395477, at *2 (E.D. La. Jan. 31, 2013).

[25] Morehouse v. Ameriquest Mortg. Co., No. 9:05-CV-75, 2005 WL 8160875, at *1 (E.D. Tex. July 14, 2005).

**IT IS ORDERED** that Plaintiff's § 1983 stigma-plus claim against Keith Moody is **DISMISSED WITH PREJUDICE** to the extent it is based on Moody's communications with Plaintiff's military superiors.

**IT IS FURTHER ORDERED** that Plaintiff's claim for punitive damages is **DISMISSED WITH PREJUDICE** as to the Louisiana state law claims against Keith Moody.

New Orleans, Louisiana this 9th day of December, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**