UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MANUEL ADAMS, JR.**                           **CIVIL ACTION**

**VERSUS**                                        **NO: 20-2794**

**ROBERT WALKER ET AL.**                      **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Robert Walker's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 25). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Manuel Adams, a former Captain with the Harahan Police Department, brings claims against the City of Harahan, Chief of Police Robert Walker, and Assistant Chief of Police Keith Moody. Accepting Plaintiff's factual allegations in the Complaint as true, below are the facts relevant only to the instant Motion.

Plaintiff began his career with the Harahan Police Department ("HPD") in January 2001. Plaintiff was eventually promoted to Captain of the HPD—the department's highest-ranking civil service employee position. Plaintiff's disciplinary record was unblemished until October 15, 2019. On that day, Chief Walker determined that Plaintiff violated departmental policies including, but not limited to, "Conduct Unbecoming an Officer," "Unsatisfactory

Performance," and "False Statement."[1] Plaintiff contends that this finding, and the others addressed in his Complaint, are the result of fabricated and unfounded investigations concocted to destroy his career in law enforcement.

Pursuant to Louisiana Revised Statutes § 33:2561, Plaintiff, as a classified civil service employee, had the right to appeal to the Harahan Fire and Police Civil Service Board any disciplinary action taken against him that he felt was taken without just cause within 15 days of the action. On October 19, 2019, before Plaintiff's 15-day appeal period had expired, Chief Walker emailed the Jefferson Parish District Attorney's office (the "JPDA") notifying the JPDA of the results of Plaintiff's disciplinary hearing. As a result, the JPDA placed Plaintiff on its Witness Notification/*Giglio* list.[2] On October 22, 2019, Plaintiff timely appealed the HPD's disciplinary action taken against him. Regardless of the outcome of Plaintiff's appeal, Plaintiff will remain on the Witness Notification/*Giglio* list as there is no legal basis for removal once an officer is placed on the list. Consequently, Plaintiff alleges that his career in law enforcement is permanently impaired.

Plaintiff brings claims against Defendant Walker for violation of his due process rights under the Fourteenth Amendment and for defamation and negligence under Louisiana state law. Now before the Court is Defendant Walker's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Walker seeks dismissal of Plaintiff's § 1983 claims against him based on qualified immunity. Defendant Walker also seeks dismissal of any § 1983 claims and any state law claims brought against him in his official

---

[1] Doc. 1-11 at 3.
[2] The Witness Notification/*Giglio* list is maintained by the JPDA in compliance with *Brady v. Maryland* and *Giglio v. United States* where the Supreme Court held that due process requires the prosecution turn over evidence favorable to the accused and material to his guilt or punishment, which includes evidence that may be used to impeach the prosecution's witnesses, including police officers. *See* Brady v. Maryland, 373 U.S. 83 (1963); *See also* Giglio v. United States, 405 U.S. 150 (1972).

capacity based on his assertion that any such claims are duplicative of the claims against the City of Harahan.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

## LAW AND ANALYSIS

As a preliminary matter, the Court notes that Defendant Walker moves to dismiss any § 1983 claims and any state law claims brought against him in his official capacity. However, Plaintiff avers and the Complaint shows that Chief Walker is not the named defendant in any claims brought against him

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[4] *Id.*
[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 678.
[7] *Id.*
[8] *Lormand*, 565 F.3d at 255–57.
[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

in his official capacity. Rather, the City of Harahan is the only named defendant as to the official capacity claims. Accordingly, Defendant Walker's motion to dismiss such claims against him is denied as moot.

Defendant Walker also moves to dismiss Plaintiff's § 1983 claims brought against him in his individual capacity. Plaintiff brings two § 1983 claims against Defendant Walker in his individual capacity: (1) deprivation of procedural due process, and (2) a "stigma plus defamation" claim. Defendant Walker argues that these claims are barred by qualified immunity. The Court will discuss each claim in turn.

## I. Deprivation of Procedural Due Process

Plaintiff alleges that he was deprived of his procedural due process right when Defendant Walker reported the results of Plaintiff's disciplinary hearing to the JPDA prior to Plaintiff's civil service appeal. Plaintiff claims that Defendant Walker knew when notifying the JPDA of the results of the disciplinary hearing that it would result in Plaintiff being placed on the JPDA's Witness Notification/*Giglio* list and ultimately destroy his law enforcement career. Defendant Walker argues that the claim should be dismissed because it is barred by qualified immunity.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[10] "When a defendant asserts qualified immunity, the plaintiff has the burden of proving it is inapplicable."[11] Courts use a two-prong test to determine the applicability of qualified immunity to a claim.[12] First, the

---

[10] Griggs v. Brewer, 841 F.3d 308, 312 (5th Cir. 2016) (internal quotation omitted).
[11] Waganfeald v. Gusman, 674 F.3d 475, 483 (5th Cir. 2012).
[12] Morgan v. Swanson, 659 F.3d 359, 371 (5th Cir. 2011) (citing Ashcroft v. al-Kidd, 563 U.S. 731 (2011)).

court must decide whether the facts Plaintiff alleged are a violation of a statutory or constitutional right.[13] Second, the court must decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident.[14] It is in the court's discretion to determine which prong of the test it will analyze first.[15] Since this Court's finding turns on its analysis of the second prong, the Court will analyze that prong first.

It is clear from Supreme Court and Fifth Circuit jurisprudence that "a case directly on point" is not required in order for a court to find that a law is clearly established.[16] However, "existing precedent must have placed the statutory or constitutional question *beyond debate*."[17] Thus, Plaintiff "must point this court to a legislative directive or case precedent that is sufficiently clear such that every reasonable official would understand that what he is doing violates the law."[18]

Here, Plaintiff has not met his burden. Plaintiff has failed to cite to any authority that could support his claim that a Chief of Police acted unreasonably by notifying a district attorney's office of the findings of a disciplinary investigation prior to the conclusion of the officer's civil service appeal. As a result, Plaintiff has not overcome Defendant Walker's qualified immunity defense, and Defendant Walker is entitled to dismissal.

## II. Stigma Plus Defamation

Plaintiff also alleges he has been stigmatized by the false communications made by Defendant Walker. Though it is unclear from the

---

[13] *Id.*
[14] *Id.*
[15] *See* Pearson v. Callahan, 555 U.S. 223, 236 (2009).
[16] *Id.* at 372.
[17] *Id.*
[18] Keller v. Fleming, 952 F.3d 216, 225 (5th Cir. 2020) (citing Reichle v. Howards, 566 U.S. 658, 664 (2012).

Complaint, the communication at issue seems to be Defendant Walker's letter to the JPDA informing them of the disciplinary hearing findings—which Plaintiff claims to be fabricated and dishonest. Plaintiff claims that this communication has deprived him of his liberty interest in continued employment as a law enforcement officer. Defendant Walker argues that Plaintiff's stigma-plus claim is barred by qualified immunity. As stated above, "when a defendant asserts qualified immunity, the plaintiff has the burden of proving it is inapplicable."[19] And for the same reasons stated above Plaintiff has failed to satisfy his burden. Specifically, Plaintiff failed to cite to any authority sufficient to overcome Defendant Walker's affirmative defense of qualified immunity. Accordingly, Defendant Walker is entitled to qualified immunity, and Plaintiff's stigma-plus claim against him is dismissed.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED.**

**IT IS ORDERED** that Plaintiff's claim for deprivation of procedural due process against Robert Walker is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 stigma-plus claim against Robert Walker is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 9th day of December, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] Waganfeald v. Gusman, 674 F.3d 475, 483 (5th Cir. 2012).