**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MANUEL ADAMS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2794** |
| **ROBERT WALKER ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant City of Harahan's Rule 12(c) Motion to Dismiss Plaintiff's § 1983 Claims on the Pleadings (Doc. 32). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff Manuel Adams, a former Captain with the Harahan Police Department, brings claims against the City of Harahan, Chief of Police Robert Walker, and Assistant Chief of Police Keith Moody. Accepting Plaintiff's factual allegations in the Complaint as true, below are the facts relevant only to the instant Motion.

Plaintiff began his career with the Harahan Police Department ("HPD") in January 2001. Plaintiff was eventually promoted to Captain of the HPD—the department's highest-ranking civil service employee position. Plaintiff's disciplinary record was unblemished until October 15, 2019. On that day, Chief Walker determined that Plaintiff violated departmental policies including, but

not limited to, "Conduct Unbecoming an Officer," "Unsatisfactory Performance," and "False Statement."[1] Plaintiff contends that this finding, and the others addressed in his Complaint, are the result of fabricated and unfounded investigations concocted to destroy his career in law enforcement.

Pursuant to Louisiana Revised Statutes § 33:2561, Plaintiff, as a classified civil service employee, had the right to appeal to the Harahan Fire and Police Civil Service Board any disciplinary action taken against him that he felt was taken without just cause within 15 days of the action. On October 19, 2019, before Plaintiff's 15-day appeal period had expired, Chief Walker emailed the Jefferson Parish District Attorney's office (the "JPDA") notifying the JPDA of the results of Plaintiff's disciplinary hearing. As a result, the JPDA placed Plaintiff on its Witness Notification/*Giglio* list.[2] On October 22, 2019, Plaintiff timely appealed the HPD's disciplinary action taken against him. Regardless of the outcome of Plaintiff's appeal, Plaintiff will remain on the Witness Notification/*Giglio* list as there is no legal basis for removal once an officer is placed on the list. Consequently, Plaintiff alleges that his career in law enforcement is permanently impaired.

Plaintiff brings claims against the City of Harahan for violation of Plaintiff's procedural due process rights pursuant to 42 U.S.C. § 1983, stigma-plus-infringement pursuant to § 1983, and for defamation, invasion of privacy and negligence under Louisiana state law. In the present Motion before the

[1] Doc. 1-11 at 3.

[2] The Witness Notification/*Giglio* list is maintained by the JPDA in compliance with *Brady v. Maryland* and *Giglio v. United States* where the Supreme Court held that due process requires the prosecution turn over evidence favorable to the accused and material to his guilt or punishment, which includes evidence that may be used to impeach the prosecution's witnesses, including police officers. *See* Brady v. Maryland, 373 U.S. 83 (1963); *See also* Giglio v. United States, 405 U.S. 150 (1972).

Court, the City of Harahan moves to dismiss Plaintiff's § 1983 claims against it pursuant to Federal Rule of Civil Procedure 12(c).

## LEGAL STANDARD

A Rule 12(c) motion is subject to the same standard that is applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim.[3] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The court need not, however, accept as true legal conclusions couched as factual allegations.[7] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

---

[3] Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).
[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[5] *Id.*
[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 678.
[8] *Id.*
[9] *Lormand*, 565 F.3d at 255–57.
[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

Plaintiff asserts two § 1983 claims against the City of Harahan: (1) deprivation of procedural due process and (2) stigma-plus defamation. The City of Harahan argues that these claims should be dismissed because Plaintiff's Complaint fails to state a cause of action against the City under either theory. The Court will address each claim in turn.

### I. Deprivation of Procedural Due Process Under 42 U.S.C. § 1983

"In order to state a claim for a due process violation, Plaintiff must allege (1) the deprivation of a protected property or liberty interest, and (2) that the deprivation occurred without due process of law."[11] Plaintiff alleges that Chief Walker, pursuant to the practice, policy, and custom of the City of Harahan, deprived Plaintiff of his property interest in his employment with the Harahan Police Department and his liberty interest in his career in law enforcement when Walker sent the findings of Plaintiff's disciplinary hearing to the JPDA prior to the conclusion of Plaintiff's civil service appeal.

As a threshold matter, it is important to recognize the distinction between the property interest and the liberty interest claims that Plaintiff asserts. Though Plaintiff's deprivation of property claim stems from the Due Process Clause of the Fourteenth Amendment, it is state law that determines whether a person has a property interest in their employment. Further, the Louisiana law applicable to Plaintiff's property interest claim sets out precisely what process he is due in the event of a deprivation of that property interest. Conversely, Plaintiff's liberty interest claim is entirely founded in federal law. As such, the two must be analyzed separately.

[11] Holden v. Perkins, 398 F.Supp.3d 16, 23 (E.D. La. 2019) (citing Grimes v. Pearl River Valley Water Supply Dist., 930 F.2d 441, 444 (5th Cir. 1991)).

**1. Property Interest Claim**

As previously stated, state law determines whether a person has a property interest in their employment. [12] Under Louisiana law, a person has a property interest in their employment if they are a permanent, classified employee under the Louisiana civil service system.[13] Accepting Plaintiff's allegation that he was a classified employee as true, this Court finds, and Defendants stipulate, that he had a property interest in his continued employment with the Harahan Police Department. What this Court must now determine is whether the allegations of Plaintiff's Complaint support the claim that he was deprived of this property interest, and if so, whether the deprivation occurred without due process of law.

The protections afforded to Plaintiff as a civil service employee of the Harahan Police Department are governed by Louisiana Revised Statutes § 33:2561(A) which provides that:

> Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action, demand in writing a hearing and investigation by the board to determine the reasonableness of the actions. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

Thus, whether Plaintiff was deprived of his property interest depends on whether he was "discharged or subjected to any corrective or disciplinary action."[14] This Court finds that he was. Plaintiff's Complaint shows he was subjected to disciplinary action on October 15, 2019 when he was demoted from

---

[12] Wallace v. Shreve Memorial Library, 79 F.3d 427, 429 (5th Cir. 1981) (citing Bishop v. Wood, 426 U.S. 341, 347 (1976)).

[13] Vanderwall v. Peck, 129 Fed.Appx. 89, 91 (5th Cir. 2005) (citing Wallace v. Shreve Mem'l Library, 79 F.3d 427, 429 (5th Cir. 1996); Pope v. New Orleans City Park, 672 So.2d. 388, 389–90 (La. App. 1 Cir. 1996)).

[14] *See* LA. REV. STAT. § 33:2561(A) (2021).

Captain to Sergeant.[15] As a result of this action, Plaintiff was entitled to due process—an appeal to the civil service board.[16] Plaintiff provides that his appeal hearing was held on January 22, 2020. Therefore, this Court finds Plaintiff was afforded the due process to which he was entitled.[17] Plaintiff's allegations, however, suggest that Plaintiff's right to due process included not only the right to appeal but also the right to not have the findings of the disciplinary hearing sent to the JPDA until after the appeal. This Court is unaware of—and Plaintiff fails to cite—any law in support of this position. As a result, this Court finds that Plaintiff has failed to establish that he suffered an unconstitutional deprivation of his protected property interest.

**2. Liberty Interest Claim**

Plaintiff additionally alleges that he has a liberty interest in his occupation as a law enforcement officer. The Supreme Court has recognized that liberty, as protected by the Due Process Clause of the Fourteenth Amendment, includes the right "to engage in any of the common occupations of life."[18] This Court finds Plaintiff does have a liberty interest in his occupation as a law enforcement officer. What this Court must now determine is whether the allegations of Plaintiff's Complaint support a claim that he was deprived of this liberty interest, and if so, whether the deprivation occurred without due process of law. Plaintiff alleges that, as a result of Chief Walker sending the *Giglio* letter to the JPDA, Plaintiff was placed on the JPDA's

---

[15] Doc. 1-11 at 2.

[16] *See* LA. REV. STAT. § 33:2561(A) (2021).

[17] This Court notes that, unlike for the liberty interest claim discussed below, the Civil Service Board does have the power to grant the relief Plaintiff seeks in the context of his property interest claim. Specifically, the Civil Service Board has the power to "order the immediate reinstatement or reemployment of [Plaintiff] in the office, place, position, or employment from which he was . . . demoted." *Id.* at § 33:2561(C)(1).

[18] *See* Kerry v. Din 576 U.S. 86, 94 (2015) (quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923)).

Witness Notification/*Giglio* list for untruthfulness. He further alleges that a police officer's credibility is the hallmark of the profession, and therefore, placement on the *Giglio* list is a "death knell to a career in law enforcement."[19] Accordingly, this Court finds that Plaintiff sufficiently alleges a deprivation of his liberty interest for which he was entitled to due process.[20]

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."[21] When the disciplinary process is conducted by a biased decision-maker and there is no adequate appeal process, bias on behalf of the decision-maker results in a denial of procedural due process.[22]

Here, Plaintiff alleges facts sufficient for this Court to infer bias on behalf of Chief Walker. Plaintiff avers that Chief Walker and Assistant Chief Moody concocted a plan to "clean house" and in doing so took disciplinary action against Plaintiff with the intention of sending the *Giglio* notification to the JPDA in order to destroy Plaintiff's career in law enforcement. Therefore, Plaintiff's pre-disciplinary hearing—the "process" he was afforded prior to Chief Walker sending the *Giglio* notification—was conducted by a biased decision-maker, Chief Walker.

Generally, when there is an adequate appeal process, "bias on behalf of the decision maker does not result in a denial of procedural due process."[23] The allegations of Plaintiff's Complaint, however, support an inference that the

---

[19] Doc. 1 at 15.
[20] *See* Delahoussaye v. Seale, 788 F.2d 1091, 1094 (5th Cir. 1986) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 429) ("…the Due Process Clause of the Fourteenth Amendment requires 'some form of hearing' before an individual is finally deprived of a protected property or liberty interest.").
[21] Mathews v. Eldridge, 424 U.S. 319, 333 (1976).
[22] *See* Cordova v. Louisiana State Univ. Agric. & Mech. Coll. Bd. of Supervisors, No. 6:19-CV-01027, 2020 WL 1695053, at *4 (W.D. La. Apr. 7, 2020).
[23] *Id.* (citing Schaper v. Huntsville, 813 F.2d 709, 715–16 (5th Cir. 1987)).

appeal process was inadequate.[24] Plaintiff's appeal was heard by the Harahan Fire and Police Civil Service Board, which Plaintiff alleges to have "won," and yet his name remains on the *Giglio* list because there is no mechanism to have it removed.

     Unaware of any Supreme Court or Fifth Circuit jurisprudence on point, this Court turns to a case from the Eighth Circuit.[25] There, in relevant part, the plaintiff alleged that he was deprived of property without due process.[26] The district court dismissed the complaint finding that the plaintiff was not deprived of property without due process because "the state provides him with an adequate postdeprivation remedy through recourse to the Arkansas State Claims Commission."[27] The Eighth Circuit reversed the district court's decision, finding that the Arkansas State Claims Commission was not "empowered to grant plaintiff adequate relief."[28] Specifically, "even a judgment in plaintiff's favor . . . would not give the plaintiff the relief he seeks, return of specific property."[29] Similarly, here, Plaintiff has the right to an appeal before the Harahan Fire and Police Civil Service Board, but despite ruling in Plaintiff's favor, the Board does not have the power to take Plaintiff's name off of the *Giglio* list or to order its removal, and thus, Plaintiff remains deprived of his liberty interest in his career in law enforcement. Therefore, accepting the allegations in Plaintiff's Complaint as true, this Court finds that Plaintiff has pled sufficient facts to support a violation of procedural due process claim based on a deprivation of liberty.

---

[24] *See* Bumgarner v. Bloodworth, 738 F.2d 966 (8th Cir. 1984). (holding that post-deprivation hearing that did not have power to grant plaintiff requested relief was inadequate).
[25] *Bumgarner*, 738 F.2d at 967.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 968.
[29] *Id.*

Two issues remain: whether the City of Harahan can be held liable for the deprivation of Plaintiff's liberty and whether the City of Harahan can be held liable despite the fact that it was the JPDA who placed Plaintiff on the *Giglio* list. First, because Plaintiff claims the actions of Moody and Walker were pursuant to a policy, practice, and custom of the City of Harahan, which Walker created as the final policymaker for the Harahan Police Department, this Court finds that Plaintiff has pleaded facts sufficient to hold the City of Harahan liable for the acts of Moody and Walker.[30] And second, even though it was the JPDA who ultimately placed Plaintiff on the *Giglio* list, the Fifth Circuit has held that a defendant is liable under § 1983, if the defendant "set in motion a series of events that would foreseeably cause the deprivation of [Plaintiff's] constitutional rights."[31] Here, Plaintiff alleges Chief Walker knew when sending the *Giglio* letter to the JPDA that Plaintiff would be permanently placed on the *Giglio* list despite the false nature of the findings. Thus, this Court finds that Plaintiff has alleged facts sufficient to establish liability on behalf of the City of Harahan, despite it not directly "placing" Plaintiff on the *Giglio* list.

Accordingly, Defendant's Motion is denied and Plaintiff's claim against the City of Harahan for violation of his procedural due process rights based on the deprivation of his liberty interest in his career as a law enforcement officer remains.

This Court notes that it recognizes the obligation to report and the chilling effect Defendant addresses in its briefing. However, this Court finds

---

[30] *See* Harris v. Jackson Cnty., 684 Fed.Appx. 459 (5th Cir. 2017) (citing Valle v. City of Houston, 613 F.d 536, 541–42 (5th Cir. 2010)) ("Municipal liability under § 1983 requires a plaintiff to prove: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom.").

[31] Morris v. Dearborne, 181 F.3d 657, 672 (5th Cir. 1999).

that the facts of this case are distinguishable from the cases Defendant referenced and the general obligations and duties under *Brady* and *Giglio*. The basis of Plaintiff's claim is that Walker and Moody sent the *Giglio* notification to the JPDA knowing that Plaintiff had not committed the acts of which he was accused. This Court agrees that in circumstances where a police department in good faith reports disciplinary findings to a district attorney's office prior to a review or appeal of the findings, there is no violation of procedural due process. This Court finds that where, as here, the plaintiff alleges that the officers intentionally, falsely accused the plaintiff of misconduct for the purpose of permanently *Giglio*-impairing the plaintiff, the officers may not hide behind the shield of an "obligation to report" in order to circumvent a plaintiff's due process rights.

## II. Stigma Plus Defamation Under § 1983

The City of Harahan also moves this Court to dismiss Plaintiff's stigma-plus claim against it. The Fifth Circuit requires persons bringing § 1983 "stigma plus" claims to show "the infliction of a stigma on the person's reputation by a state official" plus "an infringement of some other interest."[32] "To satisfy the "stigma" prong of the test, the plaintiff must prove that the stigma was caused by a false communication."[33] Further, the Fifth Circuit "[has] found sufficient stigma only where a state actor has made concrete, false assertions of wrongdoing on the part of the plaintiff."[34] To satisfy the "infringement" prong of the test, the plaintiff must establish the state actor "sought to remove or significantly alter a life, liberty, or property interest

[32] Blackburn v. City of Marshall, 42 F.3d 925, 935−36 (5th Cir. 1995).
[33] *Id.* at 936 (citing Phillips v. Vandygriff, 711 F.2d 1217, 1221 (5th Cir. 1983)).
[34] *Id.* (citing San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 701 (5th Cir. 1991)).

recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been 'incorporated.'"[35]

It is unclear from Plaintiff's Complaint specifically which communications he is alleging form the basis of his stigma-plus claim. The briefing on this issue was limited to the *Giglio* letter sent by Chief Walker to the JPDA. Plaintiff's Complaint, however, alleges that he has lost his property interest and his liberty interest in his career in law enforcement due to the damage to his professional reputation caused by "the injurious nature of the multiple false charges, allegations, and false statements and impression associated with the concocted discipline . . . which they have now widely published on social media."

In order to adequately assess Plaintiff's claim, Plaintiff must specifically allege the communications that form the basis of his claim. Without such specificity, this Court finds that Plaintiff has not sufficiently pled facts that state a claim for relief on its face. Accordingly, the claim is dismissed, and Plaintiff is given leave to amend his Complaint to the extent he can remedy this pleading deficiency. Should Plaintiff take advantage of this opportunity, the Court encourages Plaintiff to follow the advice of Joe Friday; that is, provide this Court with "just the facts."[36]

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

[35] San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 701–02 (5th Cir. 1991).

[36] Despite popular belief, Dragnet's Joe Friday's actual assertion was, "[a]ll we know are the facts, ma'am."

**IT IS ORDERED** that Plaintiff's claim for deprivation of procedural due process against the City of Harahan based on deprivation of property is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 stigma-plus claim against the City of Harahan is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff shall amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein.

New Orleans, Louisiana this 9th day of December, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**