UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANUEL ADAMS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2794** |
| **ROBERT WALKER ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant City of Harahan's Motion to Certify for Interlocutory Appeal under 28 U.S.C. § 1292(b) and Stay Discovery (Doc. 50). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Manuel Adams, a former Captain with the Harahan Police Department, brings claims against the City of Harahan, Chief of Police Robert Walker, and Assistant Chief of Police Keith Moody.[1] Plaintiff began his career

---

[1] Plaintiff's most recently filed complaint is the First Amended Complaint. *See* Doc. 52. However, the Motion before the Court is a request to certify for appeal an interlocutory order on a motion to dismiss filed in response to Plaintiff's original Complaint. *See* Docs. 50, 45, 32. Thus, the allegations relevant to this Order appear in the earlier complaint. *See* Doc. 1.

1

with the Harahan Police Department ("HPD") in January 2001. Plaintiff was eventually promoted to Captain of the HPD—the department's highest-ranking civil service employee position. Plaintiff's disciplinary record was unblemished until October 15, 2019. On that day, Chief Walker determined that Plaintiff violated departmental policies including, but not limited to, "Conduct Unbecoming an Officer," "Unsatisfactory Performance," and "False Statement."[2] Plaintiff contends that this finding, and the others addressed in his Complaint, are the result of fabricated and unfounded investigations concocted to destroy his career in law enforcement.

Pursuant to Louisiana Revised Statutes § 33:2561, Plaintiff, as a classified civil service employee, had the right to appeal to the Harahan Fire and Police Civil Service Board any disciplinary action taken against him that he felt was taken without just cause within 15 days of the action. On October 19, 2019, before Plaintiff's 15-day appeal period had expired, Chief Walker emailed the office of the Jefferson Parish District Attorney ("JPDA"), notifying the JPDA of the results of Plaintiff's disciplinary hearing. As a result, the JPDA placed Plaintiff on its Witness Notification/*Giglio* list.[3] On October 22, 2019, Plaintiff timely appealed the HPD's disciplinary action taken against him. Regardless of the outcome of Plaintiff's appeal, Plaintiff will remain on the Witness Notification/*Giglio* list, as there is no legal basis for removal once

---

[2] Doc. 1-11 at 3.

[3] The Witness Notification/*Giglio* list is maintained by the JPDA in compliance with *Brady v. Maryland* and *Giglio v. United States*, where the Supreme Court held that due process requires the prosecution to turn over evidence favorable to the accused and material to their guilt or punishment, which includes evidence that may be used to impeach the prosecution's witnesses, including police officers. *See* Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972).

an officer is placed on the list. Consequently, Plaintiff alleges that his career in law enforcement is permanently impaired.

Plaintiff brings claims against the City of Harahan for violation of Plaintiff's procedural due process rights pursuant to 42 U.S.C. § 1983, stigma-plus-infringement pursuant to § 1983, and for defamation, invasion of privacy, and negligence under Louisiana state law. The City of Harahan previously moved to dismiss Plaintiff's § 1983 claims against it pursuant to Federal Rule of Civil Procedure 12(c).[4] In response, this Court held in relevant part that Plaintiff pled sufficient facts to support a violation of procedural due process based on a deprivation of Plaintiff's liberty interest in his occupation as a law enforcement officer.[5] The Court explained that when a disciplinary process is conducted by a biased decision-maker and there is no adequate appellate process, there is a denial of procedural due process.[6] Plaintiff sufficiently alleged that Chief Walker was a biased decision-maker at the disciplinary hearing because of his plan to destroy Plaintiff's career. Plaintiff also adequately pled that the appeals process with the Harahan Fire and Police Civil Service Board was inadequate because it did not have the power to remove Plaintiff's name from the *Giglio* list. Further, the Court found that Plaintiff alleged facts sufficient to hold the City of Harahan liable for the acts

---

[4] *See* Doc. 32.
[5] *See* Doc. 45 at 6–10.
[6] *See id.* at 7 (citing Cordova v. La. State Univ. Agric. & Mech. Coll. Bd. of Supervisors, No. 6:19-CV-01027, 2020 WL 1695053, at *4 (W.D. La. Apr. 7, 2020)).

3

of Moody and Walker. The City's motion to dismiss was therefore denied in part.

Now before the Court is the City of Harahan's Motion to Certify for Interlocutory Appeal under 28 U.S.C. § 1292(b) the Court's Order denying dismissal as to Plaintiff's liberty-interest claim outlined above ("the Order").[7] Plaintiff filed an opposition that provides no legal arguments against certification, and the City replied in support of its Motion.[8]

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1292, a court can allow for interlocutory appeal of orders without directing entry of a final judgment on the order. For an interlocutory order to be appealable pursuant § 1292(b), three conditions must be satisfied. The trial judge must certify in writing that: (1) the order involves a controlling question of law, (2) there exists a substantial ground for difference of opinion on that question of law, and (3) an immediate appeal from the order may "materially advance the ultimate termination of [the] litigation."[9] The moving party carries the burden of showing the necessity of interlocutory appeal.[10] Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[11]

---

[7] *See* Docs. 50 (Motion to Certify), 45 (Order).
[8] *See* Docs. 54, 58.
[9] 28 U.S.C. § 1292; *see also* Rico v. Flores, 491 F.3d 234, 238 (5th Cir. 2007).
[10] Chauvin v. State Farm Mut. Auto. Ins. Co., Nos. 06-7145, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).
[11] *Id.* (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983)).

The Court finds that the City of Harahan has carried its burden with respect to each of the three considerations above. First, the Order involved a controlling question of law insofar as it denied a motion to dismiss as to one of Plaintiff's due process claims.[12] "A controlling question of law is one 'that would require reversal on appeal from a final judgment or would materially affect the outcome of the case.'"[13] Resolution of a controlling question of law need not terminate the litigation entirely so long as it "would have some significant impact on the advancement of the litigation."[14] "Additionally, controlling questions of law generally must be purely legal in nature."[15]

Here, there is a controlling question of a purely legal nature: whether Plaintiff alleged facts sufficient to state a claim for deprivation of liberty without due process of law against the City of Harahan. If Plaintiff were to proceed to a final judgment on this claim, and the City were to successfully appeal, the Fifth Circuit would have to reverse the judgment at least as to this claim. While the resolution of this question may not end the entire litigation, it will have a substantial impact.

Second, there also exists a substantial ground for a difference of opinion as to Plaintiff's due process claim. Courts often find as much "if novel and

---

[12] *See* La. State Conf. of Nat'l Ass'n for the Advancement of Colored People v. Louisiana, 495 F. Supp. 3d 400, 413–414 (M.D. La. 2020) (holding that denial of a motion to dismiss involved a controlling question of law).
[13] D.H. Griffin Wrecking Co. v. 1031 Canal Dev., LLC, No. 20-1051, 2020 WL 7626817, at *3 (E.D. La. July 14, 2020) (quoting Jesclard v. Babcock & Wilcox, Civ. A. No. 82-1570, 1990 WL 182315, at *1 (E.D. La. Nov. 21, 1990)).
[14] *Id.* (citing Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006); S.E.C. v. Credit Bancorp, Ltd., 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000).
[15] *Id.* (citing Williams v. Taylor, No. CIV.A. 15-321, 2015 WL 4755162, at *2 (E.D. La. Aug. 11, 2015)).

difficult questions of first impression are presented."[16] In the Order, this Court stated that it was "[u]naware of any Supreme Court or Fifth Circuit jurisprudence on point."[17] Thus, the question is at least novel. The question is also difficult in light of the *Giglio* dynamic of this case. The City of Harahan argues that any responsibility for placing Plaintiff on the *Giglio* list falls on the actor who makes that decision, namely, the JPDA, not Chief Walker or Assistant Chief Moody. Additionally, the City argues that law enforcement officers have a duty to report certain information under *Brady* and *Giglio*. While this Court acknowledged law enforcement's reporting obligations under *Brady* and *Giglio*—and in fact explained in the Order that the result reached depended crucially on Plaintiff's allegation that "the officers intentionally, falsely accused the plaintiff of misconduct for the purpose of permanently *Giglio*-impairing the plaintiff"—there is a difference of opinion on the issue.[18]

Finally, an immediate appeal from the Order may materially advance the termination of this litigation. This inquiry is inherently related to the first, namely, the controlling question of law.[19] An immediate appeal of the Order that results in a reversal and dismissal of Plaintiff's due process claim against the City of Harahan would simplify the issues before the Court.

---

[16] Mitchell v. Hood, No. 13-5875, 2014 WL 1764779, at *5 (E.D. La. May 2, 2014) (quoting Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010)); *see also D.H. Griffin Wrecking Co.*, 2020 WL 7626817, at *4.

[17] Doc. 45 at 8.

[18] *Id.* at 10; *see generally* Jonathan Abel, Brady*'s Blind Spot: Impeachment Evidence in Police Personnel Files and the Battle Splitting the Prosecution Team*, 67 STAN. L. REV. 743 (2015).

[19] *D.H. Griffin Wrecking Co.*, 2020 WL 7626817, at *3 ("To this extent, the 'controlling question' inquiry is inherently related to the requirement that resolution of the issue materially advance the outcome of the litigation.").

Accordingly, this Court, pursuant to § 1292(b), certifies for immediate appeal the question of the legal sufficiency of Plaintiff's allegations as to his liberty-interest claim because this is a controlling question of law as to which there is substantial ground for difference of opinion and immediate appeal may materially advance the ultimate termination of the litigation.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the City of Harahan's Motion to Certify for Interlocutory Appeal under 28 U.S.C. § 1292(b) and Stay Discovery (Doc. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that, should application for appeal be made timely after this Order, this case will be **STAYED** pending the outcome of the appeal. If such application is not timely made, the case will proceed without a stay.

New Orleans, Louisiana this 14th day of February, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**