UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANUEL ADAMS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2794** |
| **ROBERT WALKER, ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant City of Harahan's Motion to Dismiss (Doc. 82). For the following reasons, Defendant Harahan City's Motion to Dismiss (Doc. 82) is **GRANTED IN PART**.

### BACKGROUND

Plaintiff Manuel Adams, a former Captain with the Harahan Police Department ("HPD"), brings claims against the City of Harahan ("Harahan"), Chief of Police Robert Walker ("Walker"), and Assistant Chief of Police Keith Moody ("Moody").

Plaintiff began his career with the HPD in January 2001. Plaintiff was eventually promoted to Captain—the department's highest-ranking civil service employee position. Plaintiff's disciplinary record was unblemished until October 15, 2019. On that day, Chief Walker determined that Plaintiff violated departmental policies including, but not limited to, "Conduct Unbecoming an Officer," "Unsatisfactory Performance," and "False Statement."[1] Plaintiff contends that this finding, and the others addressed in his Complaint, are the

---

[1] Doc. 1-11 at 3.

result of fabricated and unfounded investigations concocted to destroy his career in law enforcement.

Pursuant to Louisiana Revised Statutes § 33:2561, Plaintiff, as a classified civil service employee, had the right to appeal to the Harahan Fire and Police Civil Service Board any disciplinary action taken against him that he felt was taken without just cause within 15 days of the action. On October 19, 2019, before Plaintiff's 15-day appeal period had expired, Chief Walker emailed the Jefferson Parish District Attorney's office (the "JPDA") notifying the JPDA of the results of Plaintiff's disciplinary hearing. As a result, the JPDA placed Plaintiff on its Witness Notification/*Giglio* list.[2] On October 22, 2019, Plaintiff timely appealed the HPD's disciplinary action taken against him.  Regardless of the outcome of Plaintiff's appeal, Plaintiff will remain on the Witness Notification/*Giglio* list as there is no legal basis for removal once an officer is placed on the list. Consequently, Plaintiff alleges that his career in law enforcement is permanently impaired.

On June 15, 2021, Defendant filed a motion to dismiss Plaintiff's § 1983 claims against it.[3] On December 9, 2021, this Court granted in part and denied in part Defendant's motion, dismissing Plaintiff's § 1983 claim for deprivation of procedural due process based on deprivation of property interest with prejudice and dismissing Plaintiff's § 1983 stigma-plus claim without prejudice.[4] The Court granted Plaintiff leave to amend his § 1983 stigma-plus

---

[2] The Witness Notification/*Giglio* list is maintained by the JPDA in compliance with *Brady v. Maryland* and *Giglio v. United States* where the Supreme Court held that due process requires the prosecution turn over evidence favorable to the accused and material to his guilt or punishment, which includes evidence that may be used to impeach the prosecution's witnesses, including police officers. *See* Brady v. Maryland, 373 U.S. 83 (1963); *See also* Giglio v. United States, 405 U.S. 150 (1972).
[3] Doc. 32.
[4] Docs. 45, 80 & 81.

2

claim to remedy deficiencies identified in its Order.[5] This Court denied Defendant's motion to dismiss Plaintiff's claim against it for violation of Plaintiff's procedural due process rights based on deprivation of a liberty interest in his career as a law enforcement officer.[6]

This Court then certified for interlocutory appeal its Order as to "the question of the legal sufficiency of Plaintiff's allegations as to his liberty-interest claim."[7] On February 16, 2024, the Fifth Circuit published a unanimous decision reversing the denial of Defendant's motion to dismiss, as to the liberty interest, concluding that "the City never violated Adams's liberty interest."[8] Following this ruling, Plaintiff petitioned for an *en banc* rehearing, which was denied.[9] Once the case returned before it, this Court issued an Order providing the following:

> Considering the United States Court of Appeals for the Fifth Circuit's Judgment (Doc. 80) in the above-captioned matter;
>
> **IT IS ORDERED** that this Court's Order and Reasons (Doc. 45) on Defendant City of Harahan's Rule 12(c) Motion to Dismiss Plaintiff's § 1983 Claims on the Pleadings (Doc. 32) is **VACATED IN PART** insofar as it denied Defendant's Motion to Dismiss Plaintiff's deprivation of procedural due process claim against the City of Harahan based on deprivation of liberty.
>
> **IT IS FURTHER ORDERED** that Plaintiff's claim for deprivation of procedural due process against the City of Harahan based on deprivation of liberty is **DISMISSED WITH PREJUDICE**.[10]

---

[5] Doc. 45 at 12.
[6] *Id.* at 9.
[7] Doc. 72 at 7.
[8] *See* Doc. 80-1; Adams v. City of Harahan, 95 F.4th 908, 917 (5th Cir. 2024).
[9] *See* Adams v. City of Harahan, 5th Cir. Case No. 22-30218, R. Doc. 106-1.
[10] Doc. 81.

In the Amended Complaint that Plaintiff filed while awaiting the Fifth Circuit's decision on Defendant's appeal, he again asserted claims against the City of Harahan for violation of Plaintiff's procedural due process rights pursuant to 42 U.S.C. § 1983, stigma-plus-infringement pursuant to § 1983, and for defamation, invasion of privacy and negligence under Louisiana state law. In the present Motion, the City of Harahan moves to dismiss Plaintiff's § 1983 claims and certain state law defamation claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, Rule 12(c). Plaintiff opposes.[11]

## **LEGAL STANDARD**

A Rule 12(c) motion is subject to the same standard that is applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim.[12] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[13] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[15] The court need not, however, accept as true legal conclusions couched as factual allegations.[16] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[17] If it is apparent from the face of the complaint that an

---

[11] Doc. 89.
[12] Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).
[13] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[14] *Id.*
[15] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[16] *Iqbal*, 556 U.S. at 678.
[17] *Id.*

4

insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[18] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[19]

## LAW AND ANALYSIS

Defendant asserts that Plaintiff's procedural due process, stigma-plus defamation, and state law defamation claims should be dismissed. The Court considers each in turn.

### 1. *Procedural Due Process*

On December 9, 2021, this Court dismissed *with prejudice* Plaintiff's claim for deprivation of procedural due process against the City of Harahan based on deprivation of property. And in accordance with the Judgment of the United States Court of Appeals for the Fifth Circuit, this Court also dismissed *with prejudice* Plaintiff's claim for procedural due process against the City of Harahan based on deprivation of liberty.[20] Plaintiff, however, apparently reasserted these claims in his Amended Complaint.[21] Considering the Fifth Circuit's finding that "the City never violated Adams's liberty interest"[22] and this Court's holding that Plaintiff "failed to establish that he suffered an unconstitutional deprivation of his protected property interest,"[23] Plaintiff's procedural due process claims were appropriately dismissed. Because this Court has already dismissed both of Plaintiff's § 1983 claims for violation of procedural due process against Defendant with prejudice, Defendant's motion

---

[18] *Lormand*, 565 F.3d at 255–57.
[19] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[20] Doc. 81 (citing Doc. 80).
[21] Doc. 52.
[22] Adams v. City of Harahan, 95 F.4th 908, 917 (5th Cir. 2024).
[23] Doc. 45 at 6.

5

regarding those claims must be denied as moot. These claims remain dismissed.

### 2. *Stigma-Plus Defamation*

This Court previously found unclear from Plaintiff's Complaint "which communications he is alleging form the basis of his stigma-plus claim."[24] The Court therefore dismissed Plaintiff's stigma-plus defamation claim for failure to state a claim but granted Plaintiff leave to amend his Complaint to "specifically allege the communications that form the basis of his claim."[25] Plaintiff filed an Amended Complaint, and Defendant again seeks to dismiss this claim, arguing that Plaintiff did not remedy the deficiencies the Court identified in its previous Order, and that this Court's prior rulings foreclose the viability of Plaintiff's stigma-plus claims against it. Plaintiff opposes, arguing that his right to the statutorily created "penalty/remedy of absolute nullity was purposefully extinguished through" policies and practices of the City and its agents.[26]

The Fifth Circuit requires persons bringing § 1983 "stigma plus" claims to show "the infliction of a stigma on the person's reputation by a state official" plus "an infringement of some other interest."[27] "To satisfy the 'stigma' prong of the test, the plaintiff must prove that the stigma was caused by a false communication."[28] Further, the Fifth Circuit "[has] found sufficient stigma only where a state actor has made concrete, false assertions of wrongdoing on the part of the plaintiff."[29] "In *Paul v. Davis,* the Supreme Court held that the infliction of a stigma on a person's reputation by a state official, without more,

---

[24] *Id.* at 11.
[25] *Id.*
[26] Doc. 89 at 9.
[27] Blackburn v. City of Marshall, 42 F.3d 925, 935−36 (5th Cir. 1995).
[28] *Id.* at 936 (citing Phillips v. Vandygriff, 711 F.2d 1217, 1221 (5th Cir. 1983)).
[29] *Id.* (citing San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 701 (5th Cir. 1991)).

does not infringe upon a protected liberty interest."[30] Critically, the Court noted that there is "no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."[31] To satisfy the "infringement" prong of the test, the plaintiff must establish the state actor "sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been 'incorporated.'"[32]

In response to this Court's Order to "specifically allege the communications that form the basis of his [§ 1983 stigma plus defamation] claim," Plaintiff incorporated by reference the same allegations he made in his original Complaint.[33] The only additional fact in the Amended Complaint that the Court can glean is the name of the Superintendent to whom Moody allegedly called Plaintiff "ethically unsound."[34] Further, neither this Court nor the Fifth Circuit in considering nearly identical pleadings, found that Plaintiff established a "life, liberty, or property interest" that Defendant or any of its agents infringed upon. As such, the Court sees no reason to deviate from its previous Order finding Plaintiff's allegations insufficiently plead. Accordingly, Plaintiff's § 1983 claim against Defendant must be dismissed.

### 3. *State Law Defamation*

Plaintiff alleges that Moody and Walker made several defamatory statements about him "before third parties in the public on Facebook or other social media and communications with the Levee District Police and the JPDA"

---

[30] *Blackburn*, 42 F.3d at 935 (quoting Paul v. Davis, 424 U.S. 693, 710–11 (1976)).
[31] *Paul*, 424 U.S. at 702.
[32] San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 701−02 (5th Cir. 1991).
[33] Upon review, the Court finds that ¶¶1-192 in the Amended Complaint are the exact same as ¶¶1-192 in the original Complaint.
[34] Doc. 52, ¶198.

and that Defendant is liable for these statements that "impugn[ed Plaintiff's] reputation and integrity."[35] Defendant seeks to dismiss Plaintiff's state law defamation claim "insofar as it pertains to Moody's comments made when Moody was no longer employed by the City."[36] Plaintiff does not address this request in his Opposition.

"Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name."[37] Under Louisiana law, four elements are necessary to establish a defamation claim: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[38] "If even one of the required elements of the tort is lacking, the cause of action fails."[39] "While defamation is an individual tort which, as a general rule, does not give rise to solidary liability, when the defamatory statements are made by an employee in the course and scope of his or her employment, liability is nevertheless attributable to the employer under vicarious liability principles."[40]

Louisiana Civil Code article 2320 provides, *inter alia*, that "employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which are employed." "Governmental entities 'do not enjoy special protection from vicarious liability under Louisiana law

---

[35] *Id.*, ¶191.
[36] Doc. 82-1 at 6.
[37] Costello v. Hardy, 864 So. 2d 129, 139 (La. 2004) (citing Fitzgerald v. Tucker, 737 So. 2d 706, 715 (La. 1999)); Trentecosta v. Beck, 703 So. 2d 552, 559 (La. 1997); Sassone v. Elder, 626 So. 2d 345, 350 (La. 1993)).
[38] Kennedy v. Sheriff of E. Baton Rouge, 935 So. 2d 669, 674 (La. 2006) (citing *Costello*, 864 So. 2d at 140; *Trentecosta*, 703 So. 2d at 559).
[39] *Costello*, 864 So. 2d at 139.
[40] *Kennedy*, 935 So. 2d at 681 n.12.

and are subject to *respondeat superior* like every other employer.'"[41] "To hold an employer liable under the doctrine of *respondeat superior*, a plaintiff must establish (1) 'an employer/employee relationship,' (2) 'a negligent or tortious act on the part of an employee,' and (3) 'the act complained of must be committed in the course and scope of employment.'"[42] "[C]onduct is usually in the course and scope of employment if 'the conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.'"[43] Not all factors are required to be met for an employer to be found vicariously liable for the intentional torts of their employee.[44] Courts must consider the particular facts of each case to determine whether the employee's tortious conduct was within the course and scope of his employment.[45]

Here, the Court is only asked to consider dismissal of claims related to the allegedly defamatory statements made by Moody *after* he was terminated by Defendant on June 29, 2020. While it is true that the fact that an employee was terminated does not necessarily take him outside the course and scope of his employment as a matter of law,[46] the Court finds that Plaintiff cannot satisfy the first factor required to hold Defendant liable for Moody's statements that were made after he was terminated because there was no employer/employee relationship between them at the time of the posts. Even

---

[41] Wooten v. Harrell, No. CV 23-368-SDD-SDJ, 2024 WL 1815349, at *9 (M.D. La. Apr. 25, 2024) (quoting Deville v. Marcantel, 567 F.3d 156, 174 (5th Cir. 2009)); *see also* Bussey v. Dillard Dep't. Stores, Inc., 984 So. 2d 781, 784 (La. App. 1 Cir. 2008) ("[V]icarious liability [under art. 2320] applies to law enforcement employers as well." (internal citations omitted)).
[42] Bryan v. Diaz, No. CV 24-1663, 2024 WL 3887001, at *3 (E.D. La. Aug. 21, 2024) (Africk, J.) (quoting Jones v. Maryland Cas. Co., 339 So. 3d 1243, 1249 (La. Ct. App. 2022)).
[43] *Id.* (quoting Orgeron ex rel. Orgeron v. McDonald, 639 So. 2d 224, 226 (La. 1994)).
[44] Painter v. Clouatre, 343 So. 3d 771, 775 (La. App. 1st Cir. 2022).
[45] *Id.*
[46] *See, e.g.*, Garcia v. Lewis, 197 So. 3d 738 (finding material issue of fact as to whether an employee was acting in the course and scope of his employment where he was "in the process of being fired (or at least immediately after [his boss] had advised him to clear his locker.)").

assuming the first two factors were satisfied, the Court does not see how posting statements on social media was a part of what Moody was hired to do on Defendant's behalf in his role as Assistant Chief of Police or served Defendant in any intelligible way. As such, Defendant cannot be held vicariously liable for any allegedly defamatory statements that Moody made after June 29, 2020. Accordingly, Plaintiff's Louisiana state law defamation claims predicated on such statements must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART**.

**IT IS ORDERED** that Defendant's request for dismissal of Plaintiff's § 1983 claims for violation of procedural due process are **DENIED AS MOOT**.[47] These claims remain dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's stigma-plus defamation claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's state law defamation claims relating to comments made by Defendant Keith Moody when Keith Moody was no longer employed by Defendant City of Harahan are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 12th day of May, 2025.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[47] *See* Docs. 45, 80, & 81.