## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANUEL ADAMS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2794** |
| **ROBERT WALKER ET AL.** | **SECTION: "H"** |

## <u>ORDER</u>

Before the Court is Defendant Keith Moody's 12(b)(6) Motion to Dismiss, or Alternatively, Rule 12(c) Motion to Dismiss and Rule 12(f) Motion to Strike (Doc. 83).

Plaintiff Manuel Adams, a former Captain with the Harahan Police Department, brings claims against the City of Harahan, Chief of Police Robert Walker, and Assistant Chief of Police Keith Moody, alleging that Walker and Moody targeted him with unfounded and fabricated investigations in an effort to end his law enforcement career. Specifically, Plaintiff alleges that Defendant Moody concocted a disciplinary investigation into Plaintiff based on falsehoods and misrepresentations and that Chief Walker intentionally sent the findings of this investigation to the Jefferson Parish District Attorney to have Plaintiff placed on the *Giglio* list, knowing that such placement was permanent and that it would destroy Plaintiff's career in law enforcement.

This Court previously dismissed with prejudice Plaintiff's § 1983 stigma-plus claim against Defendant Moody to the extent that it was based on

Defendant's communications with Plaintiff's military superiors.[1] In the same Order, this Court also dismissed with prejudice Plaintiff's claim for punitive damages as to the Louisiana state law claims against Defendant.[2]

Now before the Court is Defendant Keith Moody's Motion to Dismiss pursuant to Rule 12(b)(6), or Alternatively, Rule 12(c) Motion to Dismiss and Rule 12(f) Motion to Strike. Plaintiff filed a response, wherein he states that "Plaintiff does not object to dismissal of remaining § 1983 claims against Keith Moody."[3] Accordingly;

**IT IS ORDERED** that Defendant's 12(b)(6) Motion to Dismiss is **GRANTED** and that Plaintiff's remaining § 1983 claims asserted in the above-entitled action against Defendant Keith Moody are **DISMISSED WITH PREJUDICE**.[4]

New Orleans, Louisiana, on this 12th day of May, 2025.

---

[1] Doc. 43 at 10.

[2] *Id.*

[3] Doc. 89 at 15.

[4] In the instant Motion, Defendant Moody asks the Court to either strike added allegations made against him in Plaintiff's First Amended Complaint or dismiss the remaining § 1983 allegations against him. Federal Rule of Civil Procedure 12(f) permits a Court to "strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." Motions to strike are generally disfavored and "should be used sparingly by the courts," as it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] . . . when the pleading to be stricken has no possible relation to the controversy." Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962) (internal citation omitted); Pan–Am. Life Ins. Co. v. Gill, No. 89-5371, 1990 WL 58133, at *2 (E.D. La. Apr. 27, 1990). *See also* Am. S. Ins. Co. v. Buckley, 748 F. Supp. 2d 610, 626–27 (E.D. Tex. 2010) ("Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties."). Having granted dismissal of all remaining § 1983 claims against Defendant Moody, the Court will not rule on his request to strike.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**