UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MANUEL ADAMS, JR.**                                     **CIVIL ACTION**

**VERSUS**                                                          **NO. 20-2794**

**ROBERT WALKER, ET AL.**                          **SECTION: "H"**

## ORDER AND REASONS

Before the Court is and Defendant Robert Walker's Motion to Strike and Motion to Dismiss Based on Qualified Immunity, or Alternatively, Motion for Judgment on the Pleadings Based on Qualified Immunity (Doc. 91). For the following reasons, Defendant Robert Walker's Motion to Dismiss (Doc. 91) is **DENIED AS MOOT**.

## BACKGROUND

Plaintiff Manuel Adams, a former Captain with the Harahan Police Department ("HPD"), brings claims against the City of Harahan (the "City"), Chief of Police Robert Walker, and Assistant Chief of Police Keith Moody ("Moody").

Plaintiff began his career with the HPD in January 2001. Plaintiff was eventually promoted to Captain—the department's highest-ranking civil service employee position. Plaintiff's disciplinary record was unblemished until October 15, 2019. On that day, Chief Walker determined that Plaintiff violated departmental policies including, but not limited to, "Conduct Unbecoming an

Officer," "Unsatisfactory Performance," and "False Statement."[1] Plaintiff contends that this finding, and the others addressed in his Complaint, are the result of fabricated and unfounded investigations concocted to destroy his career in law enforcement.

Pursuant to Louisiana Revised Statutes § 33:2561, Plaintiff, as a classified civil service employee, had the right to appeal to the Harahan Fire and Police Civil Service Board any disciplinary action taken against him that he felt was taken without just cause within 15 days of the action. On October 19, 2019, before Plaintiff's 15-day appeal period had expired, Chief Walker emailed the Jefferson Parish District Attorney's office (the "JPDA") notifying the JPDA of the results of Plaintiff's disciplinary hearing. As a result, the JPDA placed Plaintiff on its Witness Notification/Giglio list.[2] On October 22, 2019, Plaintiff timely appealed the HPD's disciplinary action taken against him. Regardless of the outcome of Plaintiff's appeal, Plaintiff will remain on the Witness Notification/Giglio list as there is no legal basis for removal once an officer is placed on the list. Consequently, Plaintiff alleges that his career in law enforcement is permanently impaired.

On December 9, 2021, this Court dismissed Plaintiff's § 1983 claims for deprivation of procedural due process and stigma-plus defamation *with prejudice*, finding that Plaintiff could not overcome Walker's qualified immunity defense.[3] In another order regarding the City's motion to dismiss, this Court granted Plaintiff leave to amend his original Complaint to "specifically allege the communications that form the basis of his [§ 1983

---

[1] Doc. 1-11 at 3.
[2] The Witness Notification/*Giglio* list is maintained by the JPDA in compliance with *Brady v. Maryland* and *Giglio v. United States* where the Supreme Court held that due process requires the prosecution turn over evidence favorable to the accused and material to his guilt or punishment, which includes evidence that may be used to impeach the prosecution's witnesses, including police officers. *See* Brady v. Maryland, 373 U.S. 83 (1963); *See also* Giglio v. United States, 405 U.S. 150 (1972).
[3] Doc. 44.

stigma plus defamation claim" against the City.[4] In his Amended Complaint, though, Plaintiff again apparently asserts claims against Walker for violation of Plaintiff's procedural due process rights pursuant to 42 U.S.C. § 1983, stigma-plus-infringement pursuant to § 1983, and for defamation, invasion of privacy and negligence under Louisiana state law.

In the present Motion, Walker moves to dismiss all of Plaintiff's § 1983 claims against him claims pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(c) or strike any references to Defendant Walker in the First Amended Complaint pursuant to Rule 12(f). Alternatively, Walker requests that the Court uphold his plea of qualified immunity to enter judgment dismissing Plaintiff's § 1983 claims against him. Plaintiff opposes.[5]

## **LEGAL STANDARD**

A Rule 12(c) motion is subject to the same standard that is applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim.[6] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[9] The court need not, however, accept as true legal conclusions couched as factual allegations.[10] To be legally sufficient, a

---

[4] Doc. 45 at 11–12.
[5] Doc. 94.
[6] Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).
[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[8] *Id.*
[9] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[10] *Iqbal*, 556 U.S. at 678.

complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[11] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[12] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[13]

## LAW AND ANALYSIS

Plaintiff alleges that he was deprived of his procedural due process right when Defendant Walker reported the results of Plaintiff's disciplinary hearing to the JPDA prior to Plaintiff's civil service appeal. Plaintiff claims that Defendant Walker knew when notifying the JPDA of the results of the disciplinary hearing that it would result in Plaintiff being placed on the JPDA's Witness Notification/*Giglio* list and ultimately destroy his law enforcement career. Plaintiff also alleges he has been stigmatized by the false communications made by Defendant Walker. Defendant Walker argues that all of Plaintiff's § 1983 claims against him are barred by qualified immunity.

In his previous motion to dismiss, Defendant Walker similarly moved to dismiss any § 1983 claims and any state law claims brought against him in his official capacity as the Chief of Police.[14] In its Order, this Court found that

> Plaintiff avers and the Complaint shows that Chief Walker is not the named defendant in any claims brought against him in his official capacity. Rather, the City of Harahan is the only named defendant as to the official capacity claims. Accordingly, Defendant Walker's motion to dismiss such claims against him is denied as moot.[15]

---

[11] *Id.*
[12] *Lormand*, 565 F.3d at 255–57.
[13] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[14] Doc. 25-1 at 18.
[15] Doc. 44 at 5–6. The City remains the only named defendant as to the official capacity claims.

4

Defendant Walker also moved this Court to dismiss Plaintiff's § 1983 claims against him in his individual capacity based on Defendant Walker's plea of qualified immunity. Because Plaintiff failed to meet his burden of proving that Defendant Walker's qualified immunity defense was inapplicable, the Court found that Plaintiff did not overcome Defendant Walker's qualified immunity defense.[16] Thus, this Court granted Defendant Walker's motion and dismissed Plaintiff's claims for deprivation of procedural due process and stigma-plus claim against him *with prejudice.*[17]

Despite this, in his instant Motion, Defendant Walker alleges that when Plaintiff amended his Complaint pursuant to the Court's narrow mandate regarding his stigma-plus claims against the City, Plaintiff added language pleading a stigma-plus claim against Defendant Walker in his individual capacity. Plaintiff opposes, asserting that the added paragraphs "show Defendant Walker hired Assistant Chief Moody to concoct investigations . . . [and] targeted employees who had statutorily created rights as civil service policemen and liberty interest in their careers. . . ."[18] These paragraphs—which the Court finds to be restatements of allegations made in Plaintiff's original Complaint—cannot revive the previously dismissed stigma-plus claim against Defendant Walker whom this Court found is shielded by qualified immunity.[19] These additions could only possibly support Plaintiff's stigma-plus claims against the City, the only defendant against whom Plaintiff was granted leave to amend his claims by this Court. As such, the Court upholds its previous

---

[16] Doc. 44 at 5–6.
[17] Doc. 44 at 6.
[18] Doc. 94 at 7.
[19] Doc. 44

5

order in finding that Plaintiff's § 1983 stigma-plus defamation claims against Defendant Walker must be dismissed.[20]

## CONCLUSION

For the foregoing reasons, Defendant Robert Walker's Motion for Judgment on the Pleadings Based on Qualified Immunity (Doc. 91) is **DENIED AS MOOT**.[21] These claims remain dismissed.

New Orleans, Louisiana this 12th day of May, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] In the instant Motion, Defendant Walker asks the Court to either strike any references to Defendant Walker in the First Amended Complaint or uphold his plea of qualified immunity. Federal Rule of Civil Procedure 12(f) permits a Court to "strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." Motions to strike are generally disfavored and "should be used sparingly by the courts," as it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] . . . when the pleading to be stricken has no possible relation to the controversy." Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962) (internal citation omitted); Pan–Am. Life Ins. Co. v. Gill, No. 89-5371, 1990 WL 58133, at *2 (E.D. La. Apr. 27, 1990). *See also* Am. S. Ins. Co. v. Buckley, 748 F. Supp. 2d 610, 626–27 (E.D. Tex. 2010) ("Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties."). Having affirmed its previous rulings that Plaintiff's § 1983 claims against Defendant Walker are dismissed with prejudice, the Court will not rule on his request to strike.

[21] *See* Doc. 44.